IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ZIPPORAH FORD,

    Plaintiff,

      v.

LANDON NORRIS,

    Defendant.

CIVIL ACTION FILE
NO. 1:25-CV-2356-TWT

## OPINION AND ORDER

This is a personal injury action. It is before the Court on Defendant Copart, Inc.'s ("Copart") Motion for Judgment on the Pleadings [Doc. 33], Defendants Copart and Landon Norris's Motion to Strike [Doc. 42], Plaintiff Zipporah Ford's Motion to Substitute Party and File Amended Complaint [Doc. 44], and her Motion to Amend Scheduling Order [Doc. 45]. For the reasons set forth below, the Court GRANTS Defendant Copart's Motion for Judgment on the Pleadings [Doc. 33], GRANTS Plaintiff Ford's Motion to Substitute Party and File Amended Complaint [Doc. 44], and GRANTS Plaintiff Ford's Motion to Amend Scheduling Order [Doc. 45]. The Court additionally DENIES as moot Defendants Copart and Norris's Motion to Strike [Doc. 42].

## I.   Background

This case arises from a motor vehicle collision in June 2024 between Plaintiff Zipporah Ford and Defendant Landon Norris. (Am. Compl. ¶¶ 6–7

[Doc. 23].) Ford alleges she sustained "severe and permanent injuries" as a result of the collision. (*Id.* ¶ 9.) Her Amended Complaint names "Copart, Inc. d/b/a Valfair Construction, Inc." as an additional Defendant, alleging that Norris was operating his tractor trailer "within the course and scope of his employment" with the company. (*Id.* ¶ 15.)

Several motions are pending. Defendant Copart moves for judgment on the pleadings, arguing that it is an improper defendant and of no legal relation to Valfair Construction, Inc. ("Valfair"). (Br. in Supp. of Def. Copart's Mot. for J. on the Pleadings, at 6 [Doc. 33].) Alternatively, Copart asks the Court to (1) strike the Amended Complaint such that only Norris and Valfair are named parties and (2) provide Valfair "an opportunity to respond to the Amended Complaint." (*Id.* at 10–11.) In a similar vein, Plaintiff Ford asks this Court to dismiss Defendant Copart without prejudice, authorize her to substitute Valfair Copart in an amended complaint, and extend discovery to allow Valfair an opportunity to respond. (Pl.'s Mot. for Leave to Substitute Party-Def. & File Am. Compl., at 6 [Doc. 44]; *see also* Pl.'s Resp. Br. in Opp'n to Def. Copart's Mot. for J. on the Pleadings, at 5 [Doc. 37] (requesting the same).) Lastly, Defendants Copart and Norris seek to exclude the testimony of expert witness Russell Nowiski for untimely disclosure.

## II.    Legal Standard

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A court should grant a motion for judgment on the pleadings where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion for judgment on the pleadings, the Court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the nonmoving party. *Scott*, 405 F.3d at 1253.

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should

3

"freely" give leave to amend a pleading "when justice so requires." *Id.* This decision is discretionary, but the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

A party's failure to properly disclose a witness is governed by Rule 37(c)(1) and this District's Local Rules. According to Rule 37(c)(1), a party that "fails to . . . identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 37(c)(1)(A)–(C) (providing for other sanctions "in addition to or instead of" prohibiting a witness from testifying).

4

As relevant here, Rule 26(a)(2)(D) requires parties to disclose expert witnesses "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). *But see* Fed. R. Civ. P. 26(a)(2)(D)(ii) (setting a separate deadline for rebuttal experts). The Local Rules of this District provide relief similar to that of Rule 37(c)(1). If a party fails to disclose an expert witness "sufficiently early in the discovery period," Local Rule 26.2(C) permits courts to prevent that expert from testifying. LR 26.2(C), NDGa.

### III.   Discussion

#### A. Motion for Judgment on the Pleadings

Defendant Copart asks this Court to dismiss it as a party in this action, arguing that it is not Defendant Norris's employer as alleged in the Amended Complaint. The Amended Complaint names "Copart, Inc. d/b/a Valfair Construction, Inc." as a party Defendant, alleging that the entity was Norris's employer at the time of the incident. (Am. Compl. ¶ 15.) Copart explains that Valfair Construction, Inc. employed Defendant Norris at the time of the incident and is the proper named employer in place of Copart. (Br. in Supp. of Def. Copart's Mot. for J. on the Pleadings, at 8.) To support this fact, Copart cites the title and registration of the vehicle that Norris was driving and explains that "Copart, Inc." does not appear on the document. (*Id.*) While the document does show "Copart Excavation, Inc." as the title holder,[1] Copart

---

[1] Copart attached the title and registration to its Answer to the

5

explains that "Copart Excavation, Inc." later changed its name to "Valfair Construction, Inc." and that Copart is a distinct legal entity from both Copart Excavation, Inc. and Valfair Construction, Inc. (*Id.* at 8–10.) In light of this information, which Plaintiff Ford does not dispute, the Court grants Copart's motion for judgment on the pleadings. Copart is hereby dismissed as a party to this action.

## B. Motions to Amend Complaint and Scheduling Order

Because Plaintiff Ford agrees that Valfair Excavation, Inc. is the correct Defendant to name as Norris's employer, she now moves to amend her complaint to substitute parties. She also asks this Court to amend the scheduling order to extend the discovery deadline and all other deadlines by 120 days. (Pl.'s Mot. to Amend Scheduling Order, at 5 [Doc. 45].)

Pursuant to Rule 15(a)(2), the Court grants Ford leave to amend her complaint to name "Valfair Construction, Inc." as a Defendant rather than "Copart, Inc. d/b/a Valfair Construction, Inc."[2] Although Copart, Inc. may be a

---

Amended Complaint. (*See generally* Def. Copart's Ans., Ex. 1 [Doc. 32-1].) The Court considers the document without converting the analysis into one on summary judgment, as the document is "central" to the claims in this suit and Plaintiff Ford does not challenge its authenticity. *See Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002) (requiring on a motion for judgment on the pleadings that documents attached to an answer satisfy the centrality-and-authenticity test).

[2] The Court notes that, according to Ford, the statute of limitations for her claims had not yet expired at the time of her motion. (Pl.'s Mot. to Amend Scheduling Order, at 4.)

separate legal entity from Copart Excavation, Inc. and Valfair Construction, Inc., confusion about the relationship between the three entities is not unfounded. As Ford explains, she had reason to believe Copart, Inc. was related to Valfair Construction, Inc. because "[t]he declarations page provided by Defendant Norris in response to Plaintiff's Request for Production of Documents states that the [insurance] policy is under Copart, Inc." (Pl.'s Resp. in Opp'n to Def. Copart's Mot. for J. on the Pleadings, at 2.) Moreover, Copart itself acknowledged that it and Valfair Construction, Inc. share the same principal place of business and registered service agent. (Br. in Supp. of Def. Copart's Mot. for J. on the Pleadings, at 8.) And this is to say nothing about the similarity between the names "Copart, Inc." and "Copart Excavation, Inc.," which understandably added to the confusion. The Court is not persuaded that undue delay or other reasons justify denying leave at this time.

Having granted Ford leave to amend her complaint, the Court additionally grants Ford's motion to amend the scheduling order to allow Valfair Construction, Inc. time to respond and for the parties to conduct further discovery. The discovery period is hereby extended by 120 days from the date of this Order, along with all other deadlines originally set forth in the parties' Scheduling Order.

## C. Motion to Strike

As an initial matter, the Court will construe the Defendants' "Motion to Strike" as a motion to exclude expert testimony pursuant to Federal Rule of Civil Procedure 37(c)(1) and Local Rule 26(C).[3] Having extended the discovery period as described above—and therefore the time for expert disclosure—the Court denies this motion as moot.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS Defendant Copart, Inc.'s Motion for Judgment on the Pleadings [Doc. 33]. The Court additionally GRANTS Plaintiff Zipporah Ford's Motion to Substitute Party and File Amended Complaint [Doc. 44] and GRANTS her Motion to Amend Scheduling Order [Doc. 45]. Plaintiff Ford shall have fourteen days from the date of this Order to file her Second Amended Complaint, naming "Valfair Construction, Inc." as a Defendant rather than "Copart, Inc. d/b/a Valfair Construction, Inc." The discovery period, as well as all other deadlines originally set forth in the parties' Scheduling Order, shall be extended by 120 days from the date of this Order. Lastly, the Court DENIES as moot Defendants Copart and Landon Norris's Motion to Strike [Doc. 42].

SO ORDERED, this ____22nd____ day of June, 2026.

---

[3] Motions to strike may only be directed at pleadings. Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a).

THOMAS W. THRASH, JR.
United States District Judge

9